IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CESAR CALDERON-SERRA, et al.,**

Plaintiffs,

v.                                                              Civil No. 10-1905 (GAG)

**WILMINGTON TRUST CO., et al.,**

Defendants.

**OPINION AND ORDER**

Plaintiffs Cesar A. Calderon-Serra and Teresita Palerm Nevares ("Plaintiffs") filed an amended complaint (Docket No. 51) against Wilmington Trust Company ("WTC") and Banco Popular de Puerto Rico ("BPPR") (collectively "Defendants"). Plaintiffs seek relief under state law causes of action for civil fraud and breach of fiduciary duty. Plaintiffs allege the court has subject matter jurisdiction pursuant to the Edge Act of 1913 ("Edge Act"), 12 U.S.C. § 632, and the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. §§ 777aaa *et seq*.

Presently before the court are Defendants WTC and BPPR's motions to dismiss (Docket Nos. 59 and 60, respectively). Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs opposed both motions separately (Docket Nos. 67 and 68). By leave of the court, Defendants replied (Docket No. 74 and 77) and Plaintiffs surreplied (Docket Nos. 87 and 88). After reviewing these submissions and the pertinent law, the court **GRANTS** Defendants' motions to dismiss at Docket Nos. 59 and 60.

**I.   Legal Standard**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(1) is '[t]he proper vehicle for challenging a court's subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-363.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportacion, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## II.     Factual and Procedural Background

Plaintiffs are residents of Guaynabo, Puerto Rico. Co-defendant WTC is a wholly-owned subsidiary of Wilmington Trust Corporation, which is a publicly-traded company formed under the laws of Delaware. (See Docket No. 27.) BPPR is a wholly-owned subsidiary of Popular, Inc., a

**Civil No. 10-1905 (GAG)**                3

publicly-held corporation organized under the laws of the Commonwealth of Puerto Rico.

On September 20, 2010, Plaintiffs filed a complaint against WTC, BPPR, and UBS Financial Services, Inc. ("UBS") (See Docket No. 1.)  According to the complaint, Plaintiffs own approximately $2 million of 6.30% non-recourse notes due in 2033 issued by the Puerto Rico Conservation Trust Fund ("PRCTF"), which are now in default. Plaintiffs allege they were deceived into believing that the notes were backed by the government of Puerto Rico. Plaintiffs invoked the court's jurisdiction pursuant to the TIA; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j; and Securities and Exchange Commission Rule 10b-5. After motions to dismiss were filed by BPPR (Docket No. 22) and WTC (Docket No. 30), and by leave of court, Plaintiffs filed an amended complaint against BPPR and WTC (Docket No. 51). Plaintiffs' amended complaint bases jurisdiction on the Edge Act, the TIA, and on federal question jurisdiction, pursuant 28 U.S.C. § 1331. (See Docket No. 51 at 1 ¶¶ 1-3.)

On April 14, 2011, WTC filed a motion to dismiss (Docket No. 59). BPPR followed suit and filed its motion to dismiss (Docket No. 60) on April 15, 2011. Both motions move to dismiss, primarily, for lack of subject matter jurisdiction. Defendants argue that: (1) neither WTC nor BPPR is an "entity formed under the laws of the United States" as required under the Edge Act; and (2) the notes at issue are exempt under the TIA. Plaintiffs responded with two motions in opposition (Docket Nos. 67 and 68). The respective replies (Docket Nos. 74 and 77) and surreplies (Docket Nos. 87 and 88) were subsequently filed.

### III. Discussion

#### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Destek Grp. v. New Hampshire Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." CFSC Consortium, LLC v. Ferreras-Goitia, 198 F. Supp. 2d 116, 122 (D.P.R. 2002) (citing Bonas v. Town of N. Smithfield, 265 F.3d 69, 73 (1st Cir. 2001)). "[L]itigants cannot confer subject-matter jurisdiction,

**Civil No. 10-1905 (GAG)**                                4

otherwise lacking, by 'indolence, oversight, acquiescence, or consent.'" Whitfield v. Municipality of Fajardo, 564 F.3d 40, 44 (1st Cir. 2009) (quoting United States v. Horn, 29 F.3d 754, 767 (1st Cir. 1994)).

Because federal courts have limited jurisdiction, the court never presumes jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. (citing Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

### 1.    The Edge Act

Pursuant to the Edge Act, district courts have jurisdiction of "civil cases involving certain banking transactions as long as 'any corporation organized under the laws of the United States [is] a party.'" Viqueira, 140 F.3d at 19 (citing 12 U.S.C. § 632). Jurisdiction under the Edge Act requires "that one party to the action be an entity that owes its existence to the federal sovereign." Viqueira, 140 F.3d at 19. A nationally chartered bank is entitled to the protection offered by the Edge Act. Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 792 (2d Cir. 1980). Banks are organized under federal or state law. A financial institution organized under the laws of Puerto Rico is "for all intents and purposes a state bank." Viqueira, 140 F.3d at 19 (citing First Fed. Sav. & Loan Ass'n v. Ruiz De Jesus, 644 F.2d 910, 914 (1st Cir. 1981)).

The present complaint does not include a party organized under the laws of the United States. Neither BPPR nor WTC is a nationally or federally chartered institution. BPPR is organized under the laws of the Commonwealth of Puerto Rico and WTC is organized under the laws of the state of Delaware. (See Docket Nos. 9 and 27.)[1]  Thus, Plaintiffs have failed to state a claim under the Edge Act that could confer subject matter jurisdiction.

---

[1] The amended complaint identifies WTC as a national bank. (See Docket No. 51 at 3 ¶ 10.) WTC contends it is incorporated under Delaware law. (See Docket No. 59 at 13-14.) The court relies on WTC's corporate disclosure statement (Docket No. 27) to establish its place of incorporation. Under Rule 12(b)(1), the court "may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." Fox v. Palmas Del Mar Props., Inc., 620 F. Supp. 2d 250, 257 (D.P.R. 2009) (citations omitted) (internal quotation marks omitted).

### 2.    TIA

Plaintiffs also assert the court's jurisdiction pursuant to the Trust Indenture Act ("TIA"), 15 U.S.C. §77aaa *et seq*. In support of this argument, Plaintiffs cite to 15 U.S.C. § 77v(a)

According to 15 U.S.C. § 77v(a), "[t]he district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter."

However, the TIA does not apply to "any security exempted from the provisions of the Securities Act of 1933 . . . ." 15 U.S.C. § 77ddd(a)(4)(B). "Any security issued by a person organized and operated exclusively for religious, educational, benevolent, fraternal, charitable, or reformatory purposes and not for pecuniary profit, and no part of the net earnings of which inures to the benefit of any person, private stockholder, or individual" is exempt from the terms of the 1933 Act. 15 U.S.C. §77c(a)(4).

The notes at issue were issued by PRCT. PRCT is a perpetual trust created under the laws of Puerto Rico and operates as a non-profit institution pursuant to Section 501(c)(3) of the Internal Revenue Service Code. (See Docket No. 51-2 at 13.) The purpose of the PRCT is to protect and enhance Puerto Rico's natural resources. (See Docket No. 51-2 at 6.) The proceeds from the sale of the notes are used by PRCT "to acquire the preferred securities and to pay the costs of issuance of the [n]otes." (See Docket No. 51-2 at 6.) Furthermore, according to Plaintiffs' Exhibit 2, "[t]he [n]otes have not been registered under the Securities Act of 1933, . . . based on an exemption from registration under such laws." (See Docket No. 51-5 at 2.) Because the notes were issued by PRCT for charitable, non-pecuniary reasons, and its net earnings do not benefit any individual or stockholder, they are exempt from the TIA. Therefore, Plaintiffs have also failed to state a claim under the TIA that could confer subject matter jurisdiction.

### 3.    Federal Question

Because no other source of jurisdiction appears on the face of the complaint, the court addresses whether Plaintiffs' claims can be said to arise under federal law withing the meaning of

**Civil No. 10-1905 (GAG)**                                   6

28 U.S.C. § 1331. "Federal district courts have original jurisdiction over what have come to be known as 'federal question' cases, that is, civil actions 'arising under the Constitution, laws, or treaties of the United States." Viqueira, 140 F.3d at 17 (citing 28 U.S.C. § 1331). Generally, a claim arises under federal law "if a federal cause of action emerges from the face of a well-pleaded complaint." Id. (citations omitted). The well-pleaded complaint rule "restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiffs' complaint." Id. (citations omitted). The plaintiffs' complaint must contain specific allegations sufficient to frame a cause of action under the particular federal statute and the plaintiffs may not premise jurisdiction on subjective characterizations of a complaint's allegations. Id. at 19 (citing Murphy v. U.S., 45 F.3d 520, 522 (1st Cir. 1995)).

As the court addresses above, none of the federal statutes cited to in the amended complaint can support a federal cause of action. Neither the Edge Act, nor any other federal statute cited by Plaintiffs confers subject matter jurisdiction upon the court based on the amended complaint's allegations.[2] Plaintiffs have failed to state a claim under either of the cited statutes that could confer such jurisdiction. Plaintiffs' claims for civil fraud and breach of fiduciary duty do not raise an underlying question of federal law. Accordingly, the court finds it lacks subject matter jurisdiction over this action. Where subject matter jurisdiction is lacking, the court must proceed no further. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** Defendants' motions to dismiss at Docket Nos. 59 and 60.

**SO ORDERED**.

In San Juan, Puerto Rico this 4th day of October, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge

---

[2] The amended complaint mentions the Sarbanes Oxley Act of 2002, 15 U.S.C. § 409, but does not include it as a cause of action. (See Docket No. 51 at 20 ¶ 98.)