**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

CESAR A. CALDERON-SERRA, et al.,

    Plaintiffs,

      v.                         Civil No. 10-1905 (GAG)

WILMINGTON TRUST CO., et al.,

    Defendants.

## ORDER

Presently before the court is Plaintiffs' motion for reconsideration (Docket No. 107). For the foregoing reasons, the Plaintiffs' motion is **DENIED**.

Plaintiffs' amended complaint purported jurisdiction on the Edge Act and the Trust Indenture Act ("TIA"). (See Docket No. 51.) The court dismissed Plaintiffs' amended complaint (Docket No. 51) for lack of subject matter jurisdiction because: (1) neither defendant was a nationally chartered institution under the Edge Act; and (2) the notes at issue were exempt from the TIA. (See Docket No. 105.) A second amended complaint was never before the court because leave to file one was denied (Docket No. 102), as was the motion for reconsideration (Docket No. 104).

The court clarifies that, in its Opinion and Order dismissing the amended complaint (Docket No. 105), it mistakenly cited 15 U.S.C. § 77ddd(a)(4)(**B**), when in fact it meant to cite 15 U.S.C. § 77ddd(a)(4)(**A**). (See Docket No. 105 at 5, L. 10.) The court notes this was a typographical error and its analysis followed the correct and intended statute. Immediately following the typo, the court quoted the exception to the TIA applicable in this case pursuant to 15 U.S.C. § 77ddd(a)(4)(**A**).

**SO ORDERED**.

In San Juan, Puerto Rico this 2nd day of November, 2011.

                                 *S/Gustavo A. Gelpí*
                                GUSTAVO A. GELPÍ
                            United States District Judge